UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-1765-JST (CWx)                                    Date:  December 3, 2010
Title:  NOAH, et a. v. EMC Mortgage Corporation

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|  Ellen Matheson  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                        Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE**

The Court may raise the issue of subject matter jurisdiction at any time, sua sponte. *See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988). If "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As the party invoking federal jurisdiction, Plaintiffs have the burden of establishing the actual existence of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for jurisdiction. Fed. R. Civ. P. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"). In the Complaint before the Court, Plaintiff alleges federal subject matter jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), and, alternatively,  on the basis of federal question jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1765-JST (CWx)            Date: December 3, 2010

Title: NOAH, et a. v. EMC Mortgage Corporation

under 28 USC § 1331. (Compl. ¶ 8.) However, Plaintiff fails to properly allege subject matter jurisdiction under either of these theories.

Under CAFA, the district courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2). Plaintiff has failed to allege the amount in controversy in this matter, and the Court refrains from making assumptions based on Plaintiff's claims. "Plaintiffs who fail to plead the amount in controversy specifically fail to meet their burden of establishing jurisdiction under the CAFA." *Forlenza v. Dynakor Pharmacal, LLC,* No. CV 09-03730 MMM (SSx), 2009 U.S. Dist. LEXIS 58722, at *11 (C.D. Cal. June 18, 2009). Further, Plaintiff has failed to properly allege the citizenship of any defendant in this case, and has thus failed to establish the diversity requirement under CAFA. *See Forlenza*, 2009 U.S. Dist. LEXIS 58722, at *8-10. Because of these deficiencies in Plaintiff's Complaint, Plaintiff has not established subject matter jurisdiction pursuant to CAFA.

Federal subject matter jurisdiction may also be established by the presence of an action arising under federal law, *see* 28 U.S.C. § 1331. The determination as to whether the case "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)). Plaintiff has not alleged any federal law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 10-1765-JST (CWx) | Date: December 3, 2010 |
| Title: NOAH, et a. v. EMC Mortgage Corporation | |

under which this case arises, and has based all of its claims on state statute and common law. Therefore, Plaintiff has not properly alleged federal question jurisdiction in this matter.

    For the reasons set forth, the Court orders that Plaintiff shall show cause as to why the Court should not dismiss the case for lack of subject matter jurisdiction. Plaintiff shall submit a written response no later than December 20, 2010. Failure to timely respond will result in immediate dismissal of this action.

Initials of Preparer: <u>enm</u>